John Hochhausler (State Bar No. 143801)
 *john.hochhausler@manningkass.com*
Roya Fohrer (State Bar No. 251257)
 *roya.fohrer@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, LEMONADE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PIKE, an Individual, and JODIE PIKE, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>LEMONADE INSURANCE COMPANY, and DOES 1 through 10, Inclusive,<br><br>Defendants. | **Case No. 3:23-cv-1514-L-KSC**<br><br>[Hon. M. James Lorenz, Dept, 5B]<br><br>**LEMONADE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS JASON PIKE AND JODI PIKE'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Defendant, Lemonade Insurance Company ("Lemonade"), by and through its undersigned counsel, hereby submits an answer to Plaintiffs Jason Pike and Jodi Pikes' ("Plaintiffs"), First Amended Complaint for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, violation of California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.), and violation of California Insurance Code § 790.03, and state as follows:

## THE PARTIES

1. Lemonade admits the allegations in paragraph 1.

2. Lemonade admits the allegations in paragraph 2.

3. Lemonade admits the allegations in paragraph 3 to the extent that Lemonade is duly licensed and registered in the state of California. Lemonade was

1  and is a corporation incorporated under the laws of the State of New York, having
2  its principal place of business in the State of New York.
3      4.    Lemonade lacks knowledge or information sufficient to form a belief as
4  to the truth of the allegations contained in paragraph 4.
5      5.    Lemonade lacks knowledge or information sufficient to form a belief as
6  to the truth of the allegations contained in paragraph 5 as Plaintiffs have not named
7  any DOE defendants. Lemonade denies that it was co-conspirators or partners with
8  any person, entity or party.

## FACTUAL BACKGROUND

10      6.    Lemonade admits the allegations in paragraph 6 to the extent that
11  Lemonade issued the policy of insurance identified in this paragraph. Lemonade
12  denies that the claims in Plaintiffs' action are covered by the identified policy of
13  insurance.
14      7.    Lemonade admits the allegations in paragraph 7.
15      8.    Lemonade admits the allegations in paragraph 8.
16      9.    The allegations in paragraph 9 are argument and conclusions of law and
17  therefore require no response.
18      10.    Lemonade admits the allegations in paragraph 10 to the extent that
19  Plaintiffs gave Lemonade notice of the claimed loss, and an account of Plaintiff's
20  claimed expenses and losses as result of the claimed loss.
21      11.    Lemonade lacks knowledge or information sufficient to form a belief as
22  to the truth of the allegations contained in paragraph 11.
23      12.    Lemonade admits the allegations in paragraph 12 to the extent that
24  Plaintiffs submitted a claim for payment to Lemonade, which Lemonade assigned as
25  Claim No. LC9AD07532. Lemonade denies every other allegation in paragraph 12.
26      13.    Lemonade lacks knowledge or information sufficient to form a belief as
27  to the truth of the allegations contained in paragraph 13.
28  / / /

**LEMONADE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS JASON PIKE AND JODI PIKE'S FIRST AMENDED COMPLAINT**

**DEFENDANTS' INSURANCE CODE AND REGULATORY VIOLATIONS**

14. Lemonade denies the allegations in paragraph 14.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

15. Lemonade admits the allegations in paragraph 15 to the extent that in the event of a covered loss, the subject insurance policy covers the dwelling, personal property, and additional living expenses up to the policy limits.

16. The allegations in paragraph 16 are argument and conclusions of law and therefore require no response.

17. The allegations in paragraph 17 are argument and conclusions of law and therefore require no response.

18. The allegations in paragraph 18 are argument and conclusions of law and therefore require no response.

19. Lemonade lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. The allegations in paragraph 20 are argument and conclusions of law and therefore require no response.

**SECOND CAUSE OF ACTION**

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

21. Lemonade reasserts and realleges its responses to paragraphs 1-20, above, as it fully sets forth herein and incorporates the same herein by reference.

22. The allegations in paragraph 21 are argument and conclusions of law and therefore require no response.

23. Lemonade denies the allegations in paragraphs 22-30.

**THIRD CAUSE OF ACTION**

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

24. Lemonade reasserts and realleges its responses to paragraphs 1-30,

**LEMONADE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS JASON PIKE AND JODI PIKE'S FIRST AMENDED COMPLAINT**

above, as it fully sets forth herein and incorporates the same herein by reference.

25. Lemonade admits the allegations in paragraph 31 to the extent that in the event of a covered loss, the subject insurance policy covers the dwelling, personal property, and additional living expenses up to the policy limits.

26. Lemonade denies the allegations in paragraphs 32-33.

## FOURTH CAUSE OF ACTION

## CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ.

27. Lemonade reasserts and realleges its responses to paragraphs 1-33, above, as it fully sets forth herein and incorporates the same herein by reference.

28. The allegations in paragraph 34 are argument and conclusions of law and therefore require no response.

29. The allegations in paragraph 35 are argument and conclusions of law and therefore require no response.

30. Lemonade denies the allegations in paragraphs 36-42.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA INSURANCE CODE § 790.03

31. In response to paragraph 43, Lemonade reasserts and realleges its responses to paragraphs 1-42, above, as it fully sets forth herein and incorporates the same herein by reference.

32. Lemonade admits the allegations in paragraph 44.

33. Lemonade denies the allegations set forth in paragraph 45.

34. Lemonade admits the allegations in paragraph 46.

35. Lemonade denies the allegations in paragraphs 47-49.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

36. Plaintiffs' First Amended Complaint, in whole or in part, fails to state a claim against Lemonade upon which relief can be granted.

### Second Affirmative Defense

37. Any claimed obligations under the policy of insurance at issue in Plaintiffs' First Amended Complaint are barred, in whole or in part, by the terms, conditions, limitations, provisions, definitions and exclusions of the policy.

### Third Affirmative Defense

38. Plaintiffs failed to exercise reasonable care and diligence to mitigate their alleged damages. Therefore, any recovery by Plaintiffs should be barred or reduced to the extent of Plaintiffs' own failure to mitigate.

### Fourth Affirmative Defense

39. Plaintiffs' claims are barred by the Doctrine of Unclean Hands.

### Fifth Affirmative Defense

40. Plaintiffs' claims are barred by the Doctrine of Estoppel.

### Sixth Affirmative Defense

41. Plaintiffs' claims are barred by the Doctrine of Laches.

### Seventh Affirmative Defense

42. Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if allowed to recover on any claim set forth in the First Amended Complaint.

### Eighth Affirmative Defense

43. Plaintiffs' claims are barred by the applicable statute of limitations.

### Ninth Affirmative Defense

44. Plaintiffs failed to exercise reasonable care and diligence to mitigate their alleged damages. Therefore, any recovery by Plaintiffs should be barred or reduced to the extent of Plaintiffs' own failure to mitigate.

### Tenth Affirmative Defense

45. Lemonade presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available to Lemonade. Lemonade reserves the right to assert

additional defenses in the event discovery indicates to do so would be appropriate.

46. In answering Plaintiffs' prayers for relief, Lemonade denies that Plaintiffs are entitled to damages of any kind, costs, attorney's fees, interest, injunctive relief, equitable relief, restitution, and/or declaratory relief of any sort whatsoever.

WHEREFORE, Lemonade prays for relief as follows:

1. That Plaintiffs' First Amended Complaint be dismissed with prejudice;

2. That Plaintiffs be required to pay Lemonade's costs, expenses, and reasonable attorney's fees in connection with this action; and

3. That Lemonade has such other, further, and different relief as this Court deems just and proper.

Respectfully submitted,

DATED:  August 31, 2023  **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:   /s/ Roya Fohrer
John Hochhausler
Roya Fohrer
Attorneys for Defendant, LEMONADE INSURANCE COMPANY

**DEMAND FOR JURY TRIAL**

Lemonade demands trial by jury on each of its claims for relief triable before a jury.

Respectfully submitted,

DATED: August 31, 2023

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Roya Fohrer
John Hochhausler
Roya Fohrer
Attorneys for Defendant, LEMONADE INSURANCE COMPANY

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On August 31, 2023, I served true copies of the following document(s) described as **LEMONADE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS JASON PIKE AND JODI PIKE'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

Darren S. Schwartz, Esq.  *Attorneys for Plaintiffs, JASON PIKE*
Jason A. Roberge, Esq.  *and JODIE PIKE*
The Morgan Law Group
2041 Rosecrans Avenue, Suite 395
El Segundo, CA 90245
Tel: (310) 346-0051
Email: dschwartz@morganlawgroup.net
jasonroberge@morganlawgroup.net
mlg.eservice@morganlawgroup,net

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 31, 2023, at Los Angeles, California.

_____
Rhea Mercado