Jason A. Roberge, Esq. (SBN 346768)
The Morgan Law Group of California dba The Morgan Law Group
2041 Rosecrans Avenue, Ste. 395
El Segundo, California 90245
Telephone:  (310) 946-0051
Email:  jroberge@morganlawgroup.net

Adam C. Rapaport, Esq. (SBN 285653)
Law Offices of Adam C. Rapaport, P.C.
7116 Valjean Avenue
Van Nuys, CA  91406-3901
Telephone: (818) 779-3810
Email: adamrapaportesq@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON PIKE, et al,<br><br>  Plaintiffs,<br><br>v.<br><br>LEMONADE INSURANCE COMPANY, and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No.  3:23-cv-01514-L-KSC<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES<br><br>1) Breach of Contract;<br>2) Breach of Implied Covenant of Good Faith and Fair Dealing;<br>3) Declaratory Relief;<br>4) Violation of California Unfair Competition Law (*Cal. Bus. & Prof. Code* § 17200, *et seq.*);<br>5) Violation of California Insurance Code § 790.03<br>6) Negligence<br><br>Assigned to Magistrate Judge Karen S. Crawford<br><br>Assigned to District Judge M. James Lorenz |

1.

COME NOW Plaintiffs, JASON PIKE and JODIE PIKE ("Plaintiffs"), by and through their attorneys of record, The Morgan Law Group and the Law Offices of Adam C. Rapaport, P.C., and for causes of action against Defendants LEMONADE INSURANCE COMPANY ("Lemonade"), SERVPRO ("SERVPRO"), and DOES 1 through 10, inclusive, ("Defendants") and each of them, allege as follows:

## THE PARTIES

1. Plaintiffs own the property located at 532 Camino De Amor in Ramona, California, hereinafter (the "Insureds' Property").

2. Plaintiffs are a Lemonade policy holder.

3. Based on information and belief, Defendant Lemonade is an insurance company duly licensed in the State of California and registered with the California Department of Insurance.

4. Based on information and belief, Defendant SERVPRO is a California restoration and water mitigation company. SERVPRO was the water damage mitigation contractor doing business on behalf of Lemonade for the insureds.

5. Plaintiffs are ignorant of the true names or identities of those fictitiously named defendants identified herein as DOES 1-10, inclusive. Plaintiffs will amend the Complaint to substitute the true names of those defendants if and when their true identities are discovered. Plaintiffs allege the fictitiously named defendants were in some way responsible for the occurrences, harms, losses and/or damages alleged herein.

6. Plaintiffs allege all defendants herein were actual or ostensible agents, partners, associates, or co-conspirators of each of other and the actions of each of them was in furtherance of their agency, partnership, association, and/or conspiracy relationship and done for the benefit of each of them.

## FACTUAL BACKGROUND

7. Lemonade issued a policy of insurance identified with policy number LP53DE01EC7 to Plaintiffs. The provisions of which cover the underlying claims giving rise to this action.

8. At all times material hereto, the policy of insurance was in full force and effect.

9. On or about June 15, 2022, the Insureds' Property was damaged by water from a pipe which is a covered loss under their insurance policy.

10. As a result, Plaintiffs sustained damages to the property that required reasonable, related and/or necessary repairs and replacements, as well as appropriate cleaning and other remedial measures, along with additional living expenses incurred.

11. Plaintiffs gave timely notice to the insurance company of such loss, and did thereafter deliver to Lemonade a full and particular account of Plaintiffs' attainable expenses and losses as a result of the loss.

12. On or about October 17, 2022, Plaintiffs obtained an inspection and estimate for the purposes of identifying and/or repairing damage or other issues to the Plaintiffs' premises which is/was insured by Lemonade at the time the loss happened.

13. Plaintiffs submitted a claim for payment to Lemonade to which Lemonade assigned Claim No. LC9AD07532 (the "Submitted Claim"). Lemonade has denied the Submitted Claim and refused to pay the Submitted Claim without substantial justification, in bad faith, in breach of the covenant of good faith and fair dealing, and/or with malicious, fraudulent and/or oppressive purpose and intent with a conscious disregard for the rights of Plaintiffs.

14. Lemonade hired SERVPRO to do the water mitigation on Plaintiffs' property. SERVPRO was to performed category 3 water damage clean-up.

15. SERVPRO entered into Plaintiffs' property to do mitigation work on behalf of Lemonade.

16. During SERVPRO'S mitigation process, SERVPRO contaminated Plaintiffs' personal property with the wastewater during its clean-up. SERVPRO mixed Plaintiffs' non-contaminated personal property with the contaminated personal property.

17. SERVPRO is liable for damage to Plaintiffs' property.

18.     Defendants are aware that Plaintiffs are a family with individual, unique disabilities, which makes this unnecessary delay extremely burdensome.

**DEFENDANTS' INSURANCE CODE AND REGULATORY VIOLATIONS**

19.     Defendants violated numerous California Insurance Codes sections and regulations, including:

A.      Ins. Code § 790.03(h)(1), by misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue;

B.      Ins. Code § 790.03(h)(2), by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

C.      Ins. Code § 790.03(h)(3), by failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies;

D.      Ins. Code § 790.03(h)(6), by compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered;

E.      Ins. Code § 790.03(h)(13), by failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement;

F.      Cal. Code Regs. Tit. 10, § 2695.7(b), by failing to accept or deny the claim, in whole or in part, within 40 calendar days of receiving proof of the claim, and by failing to clearly document the amounts accepted and denied;

G.      Cal. Code Regs. Tit. 10, § 2695.7(d), by failing to conduct and diligently pursue a thorough, fair, and objective investigation, and by persistently seeking information not reasonably required for or material to the resolution of a claim dispute.

H.      Cal. Code Regs. Tit. 10, § 2695.9(d), by failing to (1) pay the difference between Lemonade's written estimate and the higher estimate obtained by the

claimants, (2) provide the claimants with the name of at least one repair individual or entity that will make the repairs for the amount of Lemonade's written estimate; and/or (3) reasonably adjust any written estimates prepared by the repair individual or entity of the insured's choice.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

20. According to the Policy terms, Lemonade agreed to provide coverage to Plaintiffs for damage to their property arising out of a covered loss. In the event of a covered loss, the Policy covers dwelling protection, personal property protection, and additional living expenses for temporary relocation.

21. Plaintiffs fulfilled all their obligations under the Policy. Plaintiffs paid their premiums and performed or substantially performed the promises they made under the contract, including promptly notifying Lemonade of the loss. In the alternative, any obligation or requirement that Plaintiffs may have failed to fulfill was immaterial to Lemonade's decision to enter into the contract and to Defendants' conduct in adjusting or, more accurately, failing to adjust Plaintiffs' claim.

22. Defendants breached their duties under the Policy by failing to provide the promised insurance coverage for the loss sustained by Plaintiffs.

23. Defendants failed to properly mitigate the category 3 water damage to Plaintiffs' property and contaminated Plaintiffs' personal property, and as such, breached their duties to provide proper water mitigation services to Plaintiffs.

24. During the pack out of the personal property of the residence, contaminated and uncontaminated property was stored together, and contaminating all of the personal property that was moved out from the property.

25. Plaintiffs have suffered damages as a direct and proximate result of Defendants' breach in an amount which is in excess of this Court's minimum jurisdictional amount, and which will be stated according to proof at the time of trial pursuant to California Code of Civil Procedure § 425.10.

26. In addition to being denied the Policy's benefits after a loss, Plaintiffs were forced to retain private counsel to obtain the Policy benefits owed by Lemonade.

27. Plaintiffs have incurred direct financial loss and damages as a result of Lemonade's failure to pay benefits under the Policy. Plaintiffs have not had the use of the Policy benefits and have had to incur other expenses that would have otherwise not been incurred or would have been paid for, by, and through the Policy benefits that Plaintiffs are entitled.

**SECOND CAUSE OF ACTION –
BREACH OF IMPLIED COVENANT OF GOOD FAITH
AND FAIR DEALING**

28. Plaintiffs refer to each and every paragraph above and incorporate those paragraphs as though set forth in full in this cause of action.

29. In every insurance policy there exists an implied duty of good faith and fair dealing that the insurance company will not do anything to injure the rights of the insured to receive the benefit of the policy. Lemonade breached it duty of good faith and fair dealing owed to Plaintiffs in the following respects:

A. Unreasonably and in bad faith placed its own financial interests ahead of its insureds in violation of California's statutory, regulatory and common law;

B. Unreasonably and in bad faith failed to give at least as much consideration to the interests of its insured as it gave its own interests;

C. Unreasonably and in bad faith failed to retain independent experts to assist in the fair, reasonable, objective, and prompt investigation of the claim;

D. Unreasonably and in bad faith failed to reasonably investigate and process Plaintiffs' claim for benefits;

E. Unreasonably and in bad faith failed to objectively and timely investigate the claim;

F. Unreasonably and in bad faith failed to thoroughly investigate the claim;

G. Unreasonably and in bad faith ignored evidence supporting coverage;

H.    Unreasonably and in bad faith failed to search diligently for evidence that supported payment of the claim;

I.    Unreasonably and in bad faith required a first party claimant to submit duplicative proofs of claim where coverage may exist pursuant to 10 C.C.R. §§ 2695.7(d) and 2695.9(d);

J.    Unreasonably and in bad faith failed to affirm or deny coverage in whole or in part in violation of 10 C.C.R. § 2695.4;

K.    Unreasonably and in bad faith delayed and/or denied Plaintiffs' claim without a genuine dispute between the parties;

L.    Unreasonably and in bad faith failed to refrain from injuring Plaintiffs' right to receive the benefits of the Policy;

M.    Unreasonably and in bad faith delayed payment of benefits and delayed substantive responses to Plaintiffs;

N.    Unreasonably and in bad faith withheld payment of sums due to Plaintiffs under the Policy;

O.    Unreasonably and in bad faith withheld benefits that were due and owing to Plaintiff;

P.    Unreasonably and in bad faith compelled Plaintiffs to institute litigation to recover amounts due under the Policy; and

Q.    Unreasonably and in bad faith rejected reasonable settlement demand for an amount within the Policy limits.

30.    By engaging in the forgoing conduct, Defendants purposefully deprived Plaintiffs of their rights and benefits under the Policy in a nature and amount which is in excess of this Court's minimum jurisdictional amount, and which will be stated according to proof at the time of trial pursuant to California Code of Civil Procedure § 425.10.

31.    Defendants' failure to properly investigate and adjust Plaintiffs' claim was a substantial factor in causing Plaintiffs' harm.

7.

32. Defendants' conduct was intentional, malicious, and oppressive and was designed to save it money, to the injury of its insureds.

33. Defendants' pattern of unfair practices constitutes institutional bad faith, malice, and oppression, and evidences a conscious course of wrongful conduct that is firmly grounded in the established company policy of Lemonade.

34. Plaintiffs are informed, believe and, based upon such information and belief, allege that Lemonade committed institutional bad faith by other acts and omissions of which they are presently unaware but will be shown according to proof at trial.

35. Defendants' conduct was undertaken or approved by their officers or managing agents, who are and were responsible for claims supervision, operations, communications, and decisions. This unreasonable conduct was undertaken on behalf of all Defendants.

36. As a further proximate result of Defendants' breaches of the implied covenant of good faith and fair dealing, Plaintiffs were compelled to retain private counsel to obtain the benefits due under the Policy. Defendants are liable to Plaintiffs for attorney fees, witness fees, and costs of litigation reasonably necessary and incurred by them in order to obtain the Policy's benefits.

37. Plaintiffs suffered a loss due to SERVPRO'S clean-up during Plaintiffs' pack-out process. SERVPRO has breached the covenant of good faith and fair dealing, and thus engaged in tortious bad faith, by failing to properly mitigate Plaintiffs' category 3 water damage, which it was hired to do. SERVPRO violated its obligation to clean-up the contaminated areas at Plaintiffs' property and further contaminated the uninfected areas.

38. Defendants engaged in despicable conduct carried out with a willful and conscious disregard of Plaintiffs' rights and/or subjected Plaintiffs to oppressive, cruel, and unjust hardship in conscious disregard of their rights. Defendants' conduct constituted an intentional misrepresentation, deceit or concealment of material facts

known to Defendants with the intention of depriving Plaintiffs of property, legal rights and/or of causing other injury. Defendants' conduct constitutes malice, oppression or fraud under California Civil Code § 3294, entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of Defendants and deter future similar conduct.

### THIRD CAUSE OF ACTION – DECLARATORY RELIEF

39. The Policy obligates Lemonade to provide coverage to Plaintiffs for damage to their home arising out of a covered loss. In the event of a covered loss, the Policy covers dwelling protection, personal property protection, and additional living expenses for temporary relocation.

40. Lemonade has failed to accept and has refused to honor its obligations under the Policy.

41. An actual and justiciable controversy presently exists between Plaintiffs and Lemonade concerning Lemonade's obligations under the Policy.

42. SERVPRO failed to properly mitigate the category 3 water damage that encompassed Plaintiffs' property.

43. SERVPRO caused damages to Plaintiffs' property and personal property, and made it so that Plaintiffs were unable to live in their home due to the category 3 water damage contamination that they failed to properly mitigate.

### FOURTH CAUSE OF ACTION – CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

44. Plaintiffs refer to each and every paragraph above and incorporate those paragraphs as though set forth in full in this cause of action.

45. California Business and Professions Code § 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice."

46. Defendants have engaged in unlawful and unfair business practices in violation of § 17200 as set forth through the acts and practices alleged in this Second Amended Complaint.

47. Defendants' misconduct, affirmative misrepresentations, and material omissions regarding Plaintiffs' coverage and benefits under the Policy are unfair, deceptive, and misleading business practices.

48. Defendants knew and should have known that their misrepresentations concerning Plaintiffs' coverage and benefits under the Policy were false, misleading, and likely to deceive Plaintiffs.

49. As a result of Defendants' unfair and unlawful business practices, Plaintiffs suffered a substantial injury by virtue of living in uninhabitable conditions for nearly a year without access to the full benefits provided under their Policy.

50. The wrongful conduct alleged herein occurred, and continues to occur, in the course of Defendants' business. Based on information and belief, Defendants' wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated in the State of California.

51. Defendants' unfair and unlawful business practices directly and proximately caused damages to Plaintiffs.

**FIFTH CAUSE OF ACTION –
VIOLATION OF CALIFORNIA INSURANCE CODE § 790.03**

52. Plaintiffs incorporate herein each prior allegation as though set forth in full.

53. There existed a contract of insurance between Lemonade and Plaintiffs which provided insurance coverage and benefits to the Plaintiffs as the policy holder.

54. Plaintiffs suffered a loss all or part of which was covered under the insurance policy with Lemonade. Plaintiffs submitted a claim under the insurance policy to Lemonade after the loss happened and within the time limits of the insurance policy issued by Lemonade to the Plaintiffs.

55. Plaintiffs presented the Submitted Claim to Lemonade to be compensated for the loss.

56. Lemonade denied the Submitted Claim. In doing so, Lemonade knowingly committed or performed with such frequency as to indicate a general business practice the provisions of California Insurance Code § 790.03, including but not limited to subdivisions (h) (1) [Misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue], (3) [Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies], (4) [Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured], (5) [Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear], (6) [Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered], and/or (13) [Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement].

57. As a direct and proximate result of Lemonade's conduct as alleged, Plaintiffs suffered damages in an amount according to proof at trial. Lemonade's failure to properly investigate the Submitted Claim was a substantial factor in causing Plaintiffs' damages.

58. Plaintiffs allege Lemonade's action as herein alleged are malicious, oppressive, and/or fraudulent and done with a conscious disregard for the rights of the claimant and therefore justify an award of punitive and/or exemplary damages in an amount according to proof at trial but in such an amount that will set an example for other insurance companies operating in California that such practices will not be tolerated.

**SIXTH CAUSE OF ACTION – NEGLIGENCE**

59. SERVPRO was negligent in performing its water mitigation services to Plaintiffs' Property on behalf of Lemonade. Plaintiffs were harmed by Defendants' negligence. SERVPRO'S negligence was a substantial factor in causing Plaintiffs' harm. Defendants have a duty to exercise due care with Plaintiffs, and SERVPRO did not exercise due care with Plaintiffs. Civil Code § 1714(a) states that "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."

60. Due to the negligence of SERVPRO'S substandard water mitigation performance at Plaintiffs' Property, Plaintiffs and their personal property were damaged. There are specific elements that a plaintiff must meet in order for a negligence cause of action - (1) existence of duty, (2) breach of that duty, (3) injury to plaintiff caused by defendant's breach, and (4) actual damages. Plaintiffs have established all of the elements of negligence.

61. Defendants' negligence directly and proximately caused damages to Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs JASON PIKE and JODIE PIKE, pray for judgment as follows:

1. For special damages in an amount according to proof;
2. For punitive damages in an amount according to proof;
3. For attorney fees in an amount according to proof;
4. Declaratory relief;
5. Prejudgment interest and interest on any judgment entered by the Court;
6. For costs of suit in an amount according to proof;

/ / /

/ / /

7. For such other relief as may be fair, just and equitable.

Dated: February 5, 2024

Respectfully submitted,

*Adam Rapaport*
Adam C. Rapaport, Esq.
Jason A. Roberge, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiffs JASON PIKE and JODIE PIKE demand a jury trial for any and all causes of action where a jury trial is authorized.

Dated: February 5, 2024

Respectfully submitted,

*Adam Rapaport*
Adam C. Rapaport, Esq.
Jason A. Roberge, Esq.
Attorneys for Plaintiff